Per Curiam.
Appeal from a judgment entered on a verdict for $100 damages, and from an order denying a motion for a new trial made on the minutes and heard on a case containing all of the evidence.
The plaintiff testified that she composed, procured to be printed and circulated exhibit one, mailing a printed copy to the defendant. For this publication the defendant sued the plaintiff in a justice’s court, but on the return day withdrew the action and paid the costs, for which prosecution the plaintiff recovered this verdict, upon the theory that defendant’s suit in the justice’s court was without probable cause and malicious.
The learned trial judge correctly instructed the jury: “ The paper which is in evidence here—the poem written by the plaintiff with regard to the defendant—I charge you, gentlemen, did furnish the defendant a probable cause of action.” The jury was further instructed that the defendant was not liable, unless he knew that the justice’s court was without jurisdiction of the action for libel which he brought therein.
The defendant having a probable cause of action, the burden was upon the plaintiff to prove that the defendant knew that a justice’s court was without jurisdiction of his action. This the plaintiff utterly failed to do, nor are there any facts in the case from which such knowledge can be inferred. On the contrary, the defendant testified that he exhibited the publication to an attorney and counsellor of the courts of this state, who advised him that a justice’s court had jurisdiction of the action. The attorney had left the state at the time of the trial and his evidence was not procured.
*84 We are not unmindful of the rule that a jury is often justified in disbelieving a party; but this is not an invariable rule. The defendant in this action notified the magistrate before the return day that he did not intend to proceed with the action. The magistrate told Washington Cornwall, plaintiff’s agent, of the defendant’s intention; but she insisted on going on with the action. We think the evidence in the case is wholly inconsistent with the idea that the defendant brought the action before the justice for malicious motive, and proves that he believed that the justice had jurisdiction of the action. The court erred in refusing a non-suit; and again, when it denied the defendant’s motion for a new trial on the minutes.
The judgment and order are reversed on the exceptions, and a new trial granted, with costs to abide the event.